JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-06005 MMM (AGRx) | Date | January 22, 2013 |
| Title | *Dorn Oens v. HSBC Bank, et al.* | | |

Present: The Honorable **MARGARET M. MORROW**

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **Order Dismissing Case**

      Plaintiff Dorn Oens filed this action on July 12, 2012.[1] On August 2, 2012, defendants Bank of America Home Loans ("Bank of America"), HSBC Bank ("HSBC"), and ReconTrust Company ("ReconTrust") moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff did not file opposition to defendants' motion. On October 1, 2012, defendants filed a notice of non-opposition.[3] On October 16, 2012, the court granted defendant's motion to dismiss with twenty days' leave to amend.[4] To date, plaintiff has not filed an amended complaint.

      Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . . It

---

[1] Complaint, Docket No. 1 (July 12, 2012).

[2] Motion to Dismiss Plaintiff's Complaint ("MTD"), Docket No. 8 (Aug. 2, 2012).

[3] Notice of Non-Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint ("Non-Opposition"), Docket No. 13 (Oct. 1, 2012).

[4] Order Granting Defendants' Motion to Dismiss, Docket No. 16 (Oct. 16, 2012).

would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition"); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding that a district court did not abuse its discretion in *sua sponte* dismissing a complaint for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming a lower court's dismissal for failure to follow court orders).

Where, as here, a plaintiff whose complaint has been dismissed with leave to amend takes no action, the Ninth Circuit has held that the appropriate response is the sanction of a Rule 41(b) dismissal. See, e.g., *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("*Yourish* and *Ferdik* both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. In that situation, resources continue to be consumed by a case sitting idly on the court's docket. The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal. . . . Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*. When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment" (citations omitted)); see also, e.g., *Grubb v. Hernandez*, No. ED CV 06-00807 SJO (AJW), 2009 WL 1357411, *4 (C.D. Cal. May 1, 2009) ("Plaintiff has not clearly made and communicated an affirmative choice to stand on his dismissed complaint and forgo amendment. Therefore, under the reasoning of *Edwards*, dismissal of this action with prejudice under Rule 41(b) is appropriate").

Involuntary dismissal with prejudice is appropriate when a majority of the following factors favor dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik*, 963 F.2d at 1260–61. Here, these factors weigh in favor of dismissal with prejudice.

The first *Pagtalunan* factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. Plaintiff failed both to oppose defendants' motion to dismiss and to amend his complaint. His inattention to this action and his nonresponsive behavior indicates that he does not intend to prosecute the case and that its continued presence on the court's docket will waste valuable resources. Thus, the second *Pagtalunan* factor also weighs in favor of dismissal with prejudice.

The third *Pagtalunan* factor considers whether the plaintiff's actions have impaired defendants' ability to proceed to trial or threatened to interfere with the rightful decision of the case. *Id.* Courts have explained that "the risk of prejudice to the defendants is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. A plaintiff's failure to provide an

excuse for the failure to amend is sufficient to establish prejudice. See, e.g., *Foster v. Jacquez*, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal," citing *Yourish*); *Grubb*, 2009 WL 1357411 at *2 ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay," citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), in turn citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Plaintiff has provided no reason or explanation for his failure to oppose defendants' motion to dismiss or for his failure to amend. As a result, his inaction is impeding prompt resolution of this matter and this factor, too, weighs in favor of dismissal.

The fourth *Pagtalunan* factor, which examines the availability of less drastic alternatives, is neutral. On the one hand, the Ninth Circuit has explained that "dismissing [a] complaint with leave to amend [is] not a sanction in response to [p]laintiffs' failure to obey a court order. . . . Therefore, the district court's granting [p]laintiffs leave to amend [is] not a lesser sanction because they [have] not yet disobeyed the court's order." *Yourish*, 191 F.3d at 992; but see, e.g., *Grubb*, 2009 WL 1357411 at *2 ("Plaintiff was given additional time to file a procedurally proper amended complaint after his second amended complaint was stricken, and he was warned that his failure to do so could lead to dismissal. This action cannot proceed without a complaint on file"). On the other hand, plaintiff's failure to act in the face of the court's order granting the motion to dismiss with leave to amend indicates that there are no less drastic alternatives that are realistically available. In addition, as noted, plaintiff failed to oppose defendants' motion to dismiss. The court could have dismissed the complaint on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"). Instead, the court chose the less drastic measure of reviewing Oens' complaint on the merits and dismissing it with leave to amend. The court has thus exhausted the less drastic alternatives available.

Finally, the fifth *Pagtalunan* factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." *Id.*

Despite the fact that the fourth factor is neutral, and the fifth factor weighs against dismissal, the court concludes that, on balance, the *Pagtalunan* factors favor involuntary dismissal with prejudice in this case.

## I.  CONCLUSION

For the reasons stated, plaintiff's action is dismissed with prejudice pursuant to Rule 41(b) for failure to comply with court orders. Each party shall bear its own costs and attorneys' fees.